UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHARON JULIA GOULD,           )
                              )
        Plaintiff             )
v.                            )   No. 2:11-cv-265-JAW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social Security, )
                              )
        Defendant             )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the basis that the administrative law judge made determinations regarding both her mental residual functional capacity ("RFC") and her physical RFC that are unsupported by substantial evidence of record. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 7) at 2-4. At oral argument, counsel for the commissioner contended that any error was harmless. I agree and, accordingly, recommend that the decision be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human*

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 16, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

*Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of alcohol abuse, diabetes mellitus (type I), depression, and prolonged grief reaction, Finding 3, Record at 9; that she retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could sit for six hours in an eight-hour workday, stand or walk for four hours in an eight-hour workday, perform occasional fingering with her upper extremities, and understand, remember, and carry out simple instructions throughout a normal workday and workweek with breaks on a sustained basis, Finding 5, *id*. at 11; that, considering her age (43 years old, defined as a younger individual, on the alleged disability onset date), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 14-15; and that she, therefore, was not disabled from February 25, 2009, her alleged disability onset date, through January 28, 2011, the date of the decision, Finding 11, *id*. at 15.[2] The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] The plaintiff is insured for SSD benefits through December 31, 2013. *See* Finding 1, Record at 9.

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Physical RFC Determination

#### 1. Record Evidence

With respect to the plaintiff's physical functioning, the record contained:

1. The June 1, 2009, report of Disability Determination Services ("DDS") examining consultant Richard Stockwell, D.O., who recorded no objective findings that would preclude the plaintiff from sitting, standing, walking, lifting, carrying, bending, handling objects, hearing, speaking, or traveling. *See* Record at 291-92;

2. The July 7, 2009, physical RFC opinion of DDS nonexamining consultant Robert Hayes, D.O., who found the plaintiff capable of lifting up to 50 pounds occasionally and up to 25 pounds frequently, standing, walking, or sitting for about six hours in an eight-hour workday, and otherwise limited only by a need to never climb ladders, ropes, or scaffolds, avoid unprotected heights, and avoid the operation of hazardous machines and commercial vehicles. *See id*. at 366-73; and

3. The December 22, 2009, physical RFC opinion of DDS nonexamining consultant Donald Trumbull, M.D., who found the plaintiff capable of lifting up to 20 pounds occasionally

and up to 10 pounds frequently, standing, walking, or sitting for about six hours in an eight-hour workday, and otherwise limited only by a need to avoid unprotected heights. *See id.* at 358-65.

No medical advisor was present at the plaintiff's December 10, 2010, hearing. *See id.* at 17-18.

### 2. ALJ Determination

The administrative law judge made no reference to the opinions of Drs. Hayes and Trumbull. *See id.* at 9-14. She gave the opinion of Dr. Stockwell some weight, but not controlling weight, because it was based on objective, diagnostic findings and did not adequately account for the general malaise reported by the plaintiff that is reasonably associated with diabetes. *See id.* at 12. Ultimately, as noted above, she found, with respect to physical RFC, that the plaintiff retained the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could sit for six hours in an eight-hour workday, stand or walk for four hours in an eight-hour workday, and perform occasional fingering with her upper extremities. *See* Finding 5, *id.* at 11.

### 3. Harmlessness of Error

There is no expert medical support for the findings that the plaintiff could stand or walk for only four hours in an eight-hour workday and perform occasional fingering with her upper extremities. The administrative law judge's physical RFC finding is, in that sense, unsupported by substantial evidence. Nonetheless, as counsel for the commissioner persuasively argued, the error was harmless because the administrative law judge made findings more favorable to the plaintiff than the record supports. *See, e.g., Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *3 (D. Me. July 11, 2007) (rec. dec., *aff'd* July 31, 2007) (suggesting that, when DDS experts whose opinions are of record deem a claimant less restricted than an administrative

law judge has, and their opinions can stand as substantial evidence of that claimant's functioning, an administrative law judge's error in fashioning an RFC finding unsupported by expert medical evidence is harmless); *MacFarlane v. Astrue*, No. 07-132-P-H, 2008 WL 660225, at *4 (D. Me. Mar. 5, 2008) (rec. dec., *aff'd* Apr. 1, 2008) (error in arriving at RFC finding unsupported by expert medical evidence was harmless when the administrative law judge gave claimant the "benefit of the doubt").

Tellingly, the plaintiff points only to her own testimony as support for a finding of greater restriction than found by the administrative law judge with respect to her physical RFC. *See* Statement of Errors at 4. As counsel for the commissioner correctly observed, such testimony cannot form the predicate for a finding of functional limitations. *See, e.g., Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 2024968, at *7 (D. Me. May 18, 2010) (rec. dec., *aff'd* June 22, 2010) (an RFC determination must be based on medical evidence, not credibility findings). In any event, the administrative law judge found the plaintiff's testimony less than credible, *see* Record at 14, and she does not challenge that finding, *see generally* Statement of Errors.

In these circumstances, the error in assessing the plaintiff's physical RFC was harmless.[3]

### B. Mental RFC Determination

#### 1. Record Evidence

With respect to the plaintiff's mental functioning, the record contained:

---

[3] In both her statement of errors and through counsel at oral argument, the plaintiff contended that the administrative law judge impermissibly interpreted raw medical evidence in contravention of *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327 (1st Cir. 1990). *See* Statement of Errors at 3; *Gordils*, 921 F.2d at 329 (Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," she "is not qualified to assess residual functional capacity based on a bare medical record."). Nonetheless, the plaintiff did not argue that the administrative law judge relied, in making her physical RFC determination, on material raw medical evidence unseen by the DDS consultants. Rather, she contended that the error at issue was not harmless because she had testified to greater limitations than were found by the administrative law judge.

5

1. The May 27, 2009, opinion of DDS examining consultant Roger Ginn, Ph.D., that the plaintiff would easily be able to remember moderate level job-related tasks but that, as a result of chronic depression and a prolonged grief reaction following the death of her son, she would have difficulty becoming motivated to get out of the house to try to look for work or try to function on a consistent basis. *See* Record at 289-90;

2. The July 7, 2009, opinion of DDS nonexamining consultant David R. Houston, Ph.D., that the plaintiff had a medically determinable adjustment disorder with a depressed and anxious mood but that the condition was nonsevere, imposing only mild limitations on her activities of daily living, social functioning, and concentration, persistence, or pace. *See id*. at 294-306; and

3. The December 9, 2009, opinion of DDS nonexamining consultant Brian Stahl, Ph.D., that the plaintiff had a medically determinable adjustment disorder with depression but that the condition was nonsevere, imposing only mild limitations on her activities of daily living, social functioning, and concentration, persistence, or pace. *See id*. at 344-56.

No mental health advisor was present at the plaintiff's December 10, 2010, hearing. *See id*. at 17-18.

### 2. ALJ Determination

In assessing the plaintiff's mental RFC, the administrative law judge did not discuss the findings of either Dr. Houston or Dr. Stahl. *See id*. at 9-14. She stated that she gave Dr. Ginn's opinion "limited probative value" on the bases that the plaintiff had failed to disclose to Dr. Ginn her problems with alcohol and that Dr. Ginn had taken into consideration her financial stress and

other nonmedical factors in assessing a Global Assessment of Functioning, or GAF, score of 50. *See id.* at 13.[4]

She specifically rejected Dr. Ginn's opinions that the plaintiff (i) would have difficulty summoning the motivation either to look for work or to function on a consistent basis and (ii) would easily be able to remember moderate level job-related tasks. *See id.* at 13-14. With respect to the latter opinion, she noted that she was persuaded that the plaintiff had a moderate limitation in her ability to sustain focused attention that restricted her to understanding, remembering, and carrying out simple instructions throughout a normal workday. *See id.* at 14. She went on to find that the plaintiff's mental impairments and alcohol abuse, in combination with the malaise caused by her diabetes, limited her to understanding, remembering, and carrying out simple instructions throughout a normal workday and workweek with breaks on a sustained basis. *See id.* at 12-13; *see also* Finding 5, *id.* at 11.

### 3. Harmlessness of Error

There is no expert medical support for the finding that the plaintiff had a moderate limitation in her ability to sustain focused attention that restricted her to understanding, remembering, and carrying out simple instructions throughout a normal workday. The administrative law judge's mental RFC finding, hence, is unsupported by substantial evidence. However, counsel for the commissioner again contended that the error was harmless because the administrative law judge made a more favorable determination than is supported by the record.

---

[4] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed., text rev. 2000) ("DSM-IV-TR"), at 32. The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34. A GAF score of 41 to 50 represents "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* at 34 (boldface omitted).

At oral argument, as in his client's statement of errors, the plaintiff's counsel rejoined that the mental RFC finding was not more favorable than supported by the record, and the error accordingly was not harmless, because the administrative law judge rejected not only the plaintiff's testimony at hearing indicative of greater limitations but also the seemingly disabling restrictions noted by Dr. Ginn. *See* Statement of Errors at 2-3. He contended that, when an administrative law judge rejects an expert's opinion of greater restrictions than found by the administrative law judge, she is obligated to supply a medical basis for any lesser limitations that she finds.

Nonetheless, as counsel for the commissioner pointed out, the plaintiff does not separately challenge the administrative law judge's rejection of the Ginn opinion. In addition, as counsel for the commissioner noted, both Drs. Houston and Stahl found no severe mental impairment despite having the benefit of review of the report of Dr. Ginn. *See* Record at 306, 356.

In the face of the administrative law judge's unchallenged rejection of Dr. Ginn's opinion, and Drs. Houston's and Stahl's findings that the plaintiff had no severe mental impairment, the administrative law judge indeed arrived at a mental RFC more favorable than the record supports. The lack of substantial evidence for her RFC finding, hence, was harmless. *See, e.g., Eshelman*, 2007 WL 2021909, at *3; *MacFarlane*, 2008 WL 660225, at *4.[5]

---

[5] With respect to the mental RFC finding, as well, the plaintiff contended that the administrative law judge impermissibly interpreted raw medical evidence in contravention of *Gordils*. *See* Statement of Errors at 3; *Gordils*, 921 F.2d at 329. However, she again made no argument that the administrative law judge relied on material raw medical evidence unseen by the DDS consultants. Rather, she contended that the error was not harmless because the administrative law judge rejected both her testimony at hearing and the opinion of one of the DDS consultants, Dr. Ginn.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge